IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-17,042-03 & -04 






EX PARTE SAMMY URBANO LEOS, Applicant









ON APPLICATIONS FOR WRITS OF HABEAS CORPUS 

CAUSE NUMBER 20,727-C IN THE 278TH JUDICIAL 

DISTRICT COURT WALKER COUNTY 




 Per curiam.



O R D E R



 These are applications for writs of habeas corpus which were transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Article 11.07, Section 3, of the
Texas Code of Criminal Procedure. Ex Parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App.
1967). Following a trial by jury, pursuant to Count I of the indictment, Applicant was
convicted of aggravated assault on a public servant with a deadly weapon and was sentenced
to twenty-five years imprisonment. Under Count II of the indictment, Applicant was
convicted of possession of a deadly weapon in a penal institution. Applicant's sentence was
assessed at ten years' imprisonment. In an unpublished opinion, the First Court of Appeals
dismissed Applicant's appeal for want of jurisdiction because Applicant's notice of appeal
was untimely filed. Leos v. State, Nos. 01-03-00332-CR and 01-03-00877-CR (Tex. App. - 
Harris [1st], no pets.). 

 In his third application, among other things, Applicant contends that he was denied
his right to appeal due to his appellate counsel's failure to timely file his notice of appeal.
Additionally, in his fourth application, Applicant presents the same claim of ineffective
assistance as that presented on his third. 

 Adopting Applicant's proposed findings as included in his fourth application, the trial
court originally found that Applicant was entitled to the opportunity to file an out-of-time
appeal due to the ineffective assistance of his trial and appellate attorneys. Because the
record did not contain any affidavits from trial or appellate counsel responding to Applicant's
claims, this Court remanded to the trial court to obtain such affidavits and enter new findings
of fact. 

 After remand, the trial court conducted a hearing on Applicant's claims, and again
entered the same findings of fact and conclusions of law originally entered, recommending
granting an out-of-time appeal. There is no indication in any of the supplemental filings
from the trial court that either trial counsel or appellate counsel were afforded an opportunity
to personally respond to Applicant's claims. Before we render a decision on the issue above,
we believe that further factual findings are necessary and, because this Court cannot hear
evidence, it is necessary for the matter to be remanded to the trial court for further resolution
of the foregoing issue. The trial court shall resolve the issue as set out in Section 3, Article
11.07 of the Texas Code of Criminal Procedure, in that the court shall order affidavits from
Applicant's trial and appellate counsel addressing Applicant's claim of ineffective assistance.
The court may also order depositions, interrogatories or hold a second hearing. 

 If the trial court elects to hold another hearing, the court shall first decide whether
Applicant is indigent. If the trial court finds that Applicant is indigent, and Applicant desires
to be represented by counsel, the trial court will then, pursuant to the provisions of Article
26.04 of the Texas Code of Criminal Procedure, appoint an attorney to represent him at the
hearing. 

 Following the receipt of affidavits from counsel, the trial court shall make findings
of fact as to whether Applicant was denied his right to a meaningful appeal due to his
counsel's failure to timely file Applicant's notice of appeal. The trial court may also make
any further findings of fact and conclusions of law which it deems relevant and appropriate
to the disposition of Applicant's claims for relief.

 Because this Court does not hear evidence, Ex Parte Rodriguez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issue shall
be accomplished by the trial court within sixty ninety days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition along with the trial court's supplemental
findings of fact and conclusions of law, shall be returned to this Court within ninety days one
hundred and twenty days of the date of this order. (2)





DELIVERED: March 29, 2006

DO NOT PUBLISH


 
1. [1] In the event any continuances are granted, copies of the order granting the
continuance shall be provided to this Court.
2. [2] Any extensions of this time period shall be obtained from this Court.